JOURNAL ENTRY AND OPINION
James Deadwylie appeals from a decision of the Common Pleas Court classifying him as a sexual predator in accordance with the provisions of Chapter 2950 of the Revised Code. On appeal, he challenges the sufficiency of the evidence upon which the court based its determination and complains the statute violates the separation of powers and his right to due process. After reviewing the facts and the law, we affirm the judgment of the trial court.
The history of this case reveals, a Grand Jury indicted Mr. Deadwylie in 1981 for aggravated robbery and rape of an eighteen-year-old female victim. However, he ultimately pled to a charge that did not involve a sex offense. In 1983, Mr. Deadwylie raped another eighteen-year-old victim and used a knife to cut her forearm, lip and right eye when she refused to remove her clothing and when she struggled. When questioned by the police, he admitted grabbing and engaging in sexual intercourse with the victim, but denies use of a knife. Thereafter, on August 3, 1983, a Grand Jury indicted Mr. Deadwylie for one count of rape in violation of R.C. 2907.02 and one count of felonious assault in violation of R.C.2903.11. Mr. Deadwylie pled guilty to attempted rape, a lesser included offense, and felonious assault. The court sentenced him to a term of two to fifteen years imprisonment on each count, to run concurrently. Mr. Deadwylie was incarcerated from 1983 to 1991. In 1992, he returned to prison for eight and a half years on a probation violation, failure to complete a sex offender program.
On July 28, 2000, Mr. Deadwylie returned to the trial court, and it conducted a sexual predator classification hearing pursuant to R.C.2950.09(C). When the court reconvened on August 8, 2000, it considered Mr. Deadwylie's and the victim's age, his extensive prior criminal record, the use of a knife, his probation violation, his anti-social personality disorder and the prior indictment for rape. Thereafter, the court determined clear and convincing evidence existed that Mr. Deadwylie was likely to commit another sexually oriented offense in the future. Mr. Deadwylie appeals from that order and raises four assignments of error for our review. The first assignment of error states:
 I. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES WHERE THE TRIAL COURT FAILS TO TRANSMIT OR PRESERVE THE ESSENTIAL DOCUMENTS IT RELIED UPON.
Mr. Deadwylie argues that the trial court failed to preserve the documents that it relied upon when making its determination; that the court abused its discretion in classifying him as a sexual predator because the State did not present clear and convincing evidence that he is likely to participate in a sexually oriented offense in the future; and that res judicata applies to this case. The State, however, urges affirmance of the court's judgment claiming the decision to classify Mr. Deadwylie as a sexual predator is supported by clear and convincing evidence. Thus, the issue on appeal concerns whether the trial court properly classified Perkins as a sexual predator.
A sexual predator is defined in R.C. 2950.01(E) as:
 [A] person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
R.C. 2950.09(B)(1) provides for a hearing during which the court determines whether the individual is a sexual predator, and states in relevant part:
 * * * At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. * * *
R.C. 2950.09(B)(2) provides in relevant part:
 In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct *** was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense *** displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Furthermore, R.C. 2950.09(B)(3) states:
 After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator. * * * If the judge determines by clear and convincing evidence that the offender is a sexual predator, the judge shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the judge has determined that the offender is a sexual predator and shall specify that the determination was pursuant to division (B) of this section. * * *
In the instant case, the court considered the R.C. 2950.09(B)(2) factor and noted Mr. Deadwylie committed two sexually oriented offenses involving two different eighteen-year-old victims on two separate occasions. In the 1983 offense, he used a knife to cut the victim's forearm, lip and right eye when she failed to refuse to remove her clothing and when she struggled. Additionally, the court reviewed the file sent from the Ohio Department of Rehabilitation and Correction, a pre-sentence investigative report, a court psychologist clinic summary, the indictment and a plea statement.
After a review of the record, we cannot conclude the trial court abused its discretion. The State presented clear and convincing evidence that Mr. Deadwylie is likely to engage in a sexually oriented offense in the future. Mr. Deadwylie's other arguments within this assignment of error are moot as we have a record, and res judicata does not apply based on our holding in State v. Wilson (Oct. 26, 2000), Cuyahoga App. No. 77530, unreported. Therefore, the judgment of the court is affirmed, and the first assignment of error is overruled.
Mr. Deadwylie's remaining assignments of error state:
 II. OHIO'S SEXUAL PREDATOR STATUTE VIOLATES THE CONCEPTS OF SEPARATION OF POWERS BECAUSE IT FORCES A TRIAL COURT TO INVESTIGATE, PROSECUTE AND ADJUDICATE INDIVIDUALS AS SEXUAL PREDATORS.
 III. THE FACTORS LISTED AT R.C. S2950.09(B)(2) VIOLATE THE DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION, BECAUSE AN INDIVIDUAL'S PROTECTABLE LIBERTY INTEREST, PRIVACY IS ENCUMBERED BY THE PREDATOR LABEL AND DUE PROCESS IS VIOLATED WHEN THE LEGISLATURE DID NOT PROVIDE TRIAL COURTS WITH GUIDANCE ON HOW THE CLASSIFYING FACTORS SHOULD BE USED.
 IV. R.C. S2950.09(C) VIOLATES THE DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION, BECAUSE A WRITTEN CHARGE WAS NOT PROVIDED TO THE APPELLANT.
These assignments of error are overruled. See State v. Williams (2000), 88 Ohio St.3d 515, and this court's decision in State v. Copeland (Dec. 18, 2000), Cuyahoga App. No. 77333, 77501, 77501 77517, unreported; State v. Goodall (July 6, 2000), Cuyahoga App. No. 76291, unreported.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ________________________ JAMES J. SWEENEY, JUDGE:
PATRICIA A. BLACKMON, P.J., and TERRENCE O'DONNELL, J., CONCUR.